UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
28th HIGHLINE ASSOCIATES, L.L.C.,               :
                                                :
                                                :
                    Plaintiff,                  :    Case No. 18 Civ. 1468 (RWS)
                                                :
                                                :
    - against -                                 :
                                                :
                                                :
IAIN ROACHE,                                    :
                                                :
                                                :
                    Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# DECLARATION OF IAIN ROACHE IN SUPPORT OF
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

IAIN ROACHE, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the defendant in this action. I am a citizen of the United Kingdom and a resident of Gilbraltar.

2. I submit this declaration in support of a motion, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), to dismiss the Complaint of Plaintiff 28th Highline Associates, L.L.C. ("Sponsor") in its entirety.

3. It is my understanding that Sponsor is taking the position that I had an "actual place of business," as of March 6, 2018, at the law office of Mr. Jesse Gordon, located at 1790 Broadway, Suite 710, New York, New York 10019. That is not correct.

4. I had engaged Mr. Gordon for the limited purpose of serving as my closing attorney with respect to the purchase of a condominium unit in a new residential building to be constructed at 520 West 28th Street in Manhattan.

1

5. That transaction did not close and, by notice dated January 24, 2018, the Sponsor took the position that it was canceling our agreement.

6. About a week before the purported termination notice was sent by Sponsor, I had engaged lawyers in the New York office of Smith, Gambrell & Russell LLP ("SGR") to represent me with respect to my dealings with the Sponsor.

7. By email sent on February 2, 2018, I made it clear to Mr. Gordon that SGR would now be serving as my New York counsel in dealing with the Sponsor. Annexed hereto as **Exhibit A** is a true and correct copy of the email correspondence.

8. Since the email correspondence of February 2, 2018, I have not contacted Mr. Gordon.

9. Since the email correspondence of February 2, 2018, Mr. Gordon has not contacted me.

10. Since February 2, 2018, neither Mr. Gordon nor his law firm has performed any legal services for me.

11. I am the Chairman of Domain Venture Partners, located at Leisure Island Business Center, Ocean Village, in Gibraltar, which is located about 3,642 miles away from New York City. Leisure Island Business Center in Gibraltar is my actual place of business. I spend half of my time working from that location in Gibraltar, and the rest of my time working in London and France.

12. As Chairman of Domain Venture Partners, I manage a structured investment fund for experienced investors.

13. Mr. Gordon is not, and has never served as, my business lawyer.

14. Mr. Gordon is a real estate attorney and his engagement was limited to serving as my closing counsel with respect to a real estate transaction in New York that did not close.

15. Mr. Vivian Haines of Stonehage Fleming Law Limited, an attorney located in London, and Head Legal Counsel in my family office, generally advises me on legal matters.

16. I have never visited Mr. Gordon's law office in New York, where service of process was allegedly attempted. In fact, I have only met Mr. Gordon once in person.

17. I was quite surprised that Sponsor filed this action on February 19, 2018, because I had participated in a conference call to discuss settlement with representatives of Sponsor just a week before. Based on the call, it was my understanding that Sponsor was interested in continuing our settlement discussions. Instead, Sponsor abruptly filed a lawsuit against me.

18. It is also my understanding that Sponsor's litigation counsel inquired whether SGR had my authority to accept service of the summons and complaint. I declined to give SGR that authority, because I feel that Sponsor was playing games with me by engaging in settlement discussions and then filing a lawsuit just a week later.

19. I have not visited the United States since July 2017. I maintain no "place of business" in New York. I have no designated "agent" for service of process in New York. I just have litigation attorneys in New York who have been engaged to protect my interests in this action.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2018 in Ocean Village, Gibraltar.

_____
Iain Roache