UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 28TH HIGHLINE ASSOCIATES, L.L.C., | Case No.: 18-CV-1468 (VSB) |
| Plaintiff, | |
| - against - | |
| IAIN ROACHE, | |
| Defendant. | |

## <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS</u>

Dated: May 24, 2019

CLARICK GUERON REISBAUM LLP

Emily Reisbaum
Nicole Gueron
Ashleigh Hunt
220 Fifth Avenue, 14th Floor
New York, NY 10001
Phone:  (212) 633-4310
Fax:  (646) 478-9484

*Attorneys for Plaintiff 28th Highline Associates, L.L.C.*

Having prevailed in its motion for judgment on the pleadings, that Defendant Iain Roache ("Defendant") (i) defaulted on his obligation to purchase a $10 million residential condominium, parking lot, and storage space in the Zaha Hadid-designed luxury building adjacent to the High Line, and (ii) thus forfeited the $2.1 million deposit, Plaintiff 28th Highline Associates, L.L.C. ("Plaintiff") respectfully submits this reply memorandum of law in further support of its motion for reasonable attorneys' fees and costs pursuant to the parties' written agreement (the "Agreement").

## PRELIMINARY STATEMENT

In response to Plaintiff's motion, Defendant, now appearing *pro se*, resorts to groundless accusations concerning Plaintiff's counsel, Clarick Gueron Reisbaum LLP ("CGR"), and unsubstantiated claims that Plaintiff's fees are unreasonable.  Letter from Iain Roache to J. Daniels, dated May 15, 2019 (Dkt. No. 72) ("Roache Letter").

This underlying dispute concerned Plaintiff's right to keep the deposit Defendant placed on the unit he contracted to purchase in December 2015 after Defendant failed to close title on the unit.  Defendant is a sophisticated businessman, who is "the Chairman of Domain Venture Partners, where he manages a structured investment fund for experienced investors."  *28th Highline Assocs., L.L.C. v. Roache*, No. 18 Civ. 1468, 2019 WL 917208, at *3 (S.D.N.Y. Feb. 25, 2019) (the "Decision").  He hired two lawyers—his in-house counsel and "specialized New York City real estate counsel"—to represent him during the negotiation of the Agreement.  *Id*. at *2.  After Defendant defaulted on the agreement, and once it became clear that litigation was imminent, Defendant hired separate litigation counsel who represented him throughout the case until they were permitted to withdraw on April 1, 2019.  Order, dated April 1, 2019 (Dkt. No. 70.)

1

Defendant's complaints about the fee motion are unavailing.  He cannot evade his obligations by complaining that the parties' Agreement was "unfair," by making generalized complaints about CGR's detailed billing entries and Plaintiff's conduct, or by using his newfound *pro se* status to justify a second opposition to and/or a further stay of this motion.  The facts are that Defendant agreed to pay Plaintiff's reasonable attorneys' fees, the fees are appropriate, and Defendant was served with this motion before he terminated his lawyers (which he appears to acknowledge having received).

Plaintiff therefore requests that the Court deem this motion submitted; or, if the Court is inclined to give Defendant another opportunity to respond to the motion, require that such response be due one week after such a determination, and grant Plaintiff a right to reply to Defendant's arguments.

## ARGUMENT

I.    **Defendant's Obligation to Pay Plaintiff's Reasonable Attorneys' Fees Is Set Forth By The Parties' Agreement, and His Dissatisfaction With The Same Is No Reason To Prevent Plaintiff's Collection Of Fees**

Defendant appears to argue that that he should not have to pay Plaintiff's reasonable attorneys' fees because the parties' Agreement is "unfair."  Roache Letter at 2.  It is not.  As Judge Sweet held, the Agreement "was the product of months-long negotiation, between sophisticated parties, both represented by counsel of their choosing," and Defendant is a "sophisticated business person… who "founded Domain Venture Partners, a structured investment fund group[.]" *Id.* at * 7, 11.  The parties' Agreement contained a "one-way fee shifting clause, which provided that if Defendant defaulted, he would be obligated to reimburse the Plaintiff [for] any legal fees and disbursements it incurred in enforcing its rights thereunder." *Id.* at *3.  Plaintiff contracted for this right, much as Defendant contracted for other rights, such as the right to a thirty-day adjournment of the Closing Date.  *Id.* at *14.  Despite Defendant's

2

present complaints that the Agreement was "unfair," he must live up to his contractual obligations and pay Plaintiff's reasonable attorneys' fees.

In a similar vein, Defendant complains that there is no "avenue to dispute [CGR's] fees which I find unfair." Roache Letter at 2. This briefing also permits an opportunity to dispute CGR's fees, which he, in fact, has taken. To the extent Defendant desired such a more robust process, he could have negotiated for one in the Agreement. And, while Defendant alludes to arbitration of fees as being "a far more sensible and cost effective approach," to resolution of this motion, he did not negotiate for such a procedure. *See generally,* Complaint Ex. A.

Lastly, Defendant also complains that "the hourly rates [Plaintiff] seek to invoice have never been shared with me or agreed with me." Roache Letter at 2. Plaintiff's invoices were annexed to the motion seeking attorneys' fees, and thus they have been shared with Defendant. Reisbaum Affirmation in Support of Fees Motion Ex. 1 (Dkt. No. 67-1). In any event, Defendant has already agreed to pay Plaintiff's "reasonable attorneys' fees" without the right to approve the rates. Complaint Ex. A. ¶ 35. Rather, the reasonableness of fees (including counsel's rates) is made at the discretion of the Court. *Terra Energy & Resources Technologies, Inc. v. Terralinna Pty. Ltd.*, No. 12 Civ. 1337 (KNF), 2014 WL 6632937, at *4 (S.D.N.Y. Nov. 24, 2014).

II.   **Plaintiff's Attorneys' Fees Are Reasonable**

Defendant offers no basis to dispute the reasonableness of Plaintiff's attorneys fees. Instead, and without evidence, he alleges that CGR "have deliberately sought to inflate their fees, offering no strategies to minimize them nor any explanation of how they have accumulated," "used excessive staffing," and "double bill[ed]." Roache Letter at 1-2. Defendant's claims are unmade by a review of Plaintiff's well-documented charges, set out in its moving papers.

As this Court knows, the initial estimate of a presumptively reasonable fee is calculated by multiplying "the number of hours reasonably expended on the litigation… by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Plaintiff therefore meticulously set forth the basis for both its' attorneys' hourly rates and the hours that they billed, and the education and professional accomplishments of each attorney who was staffed on the matter along with a comparison of their rates to those prevailing in the community.  Reisbaum Affirmation in Support of Fees Motion (Dkt. No. 67) Ex. 1-7; *see also* Memorandum of Law in Support of Fees Motion (Dkt. No. 66) at 7.  CGR also set forth prior decisions in this court, and in other courts, holding that their rates are reasonable.  Memorandum of Law in Support of Fees Motion (Dkt. No. 66) at 7-8.

Defendant's claim that Plaintiff sought to inflate their fees is patently false.  (In fact, he fails to take issue with any time entry submitted by Plaintiff).  Plaintiff attempted to resolve this matter as expeditiously as possible by moving for judgment on the pleadings at the earliest possible opportunity, once the pleadings had closed.  *See generally* Motion for Judgment on the Pleadings, Dkt. No. 21.  And, as Plaintiff painstakingly demonstrated, the majority of work in this matter was performed by associates and paralegals, whose billed time of 576.8 hours accounts for approximately 66% of CGR's total hours.  Reisbaum Affirmation in Support of Fees Motion (Dkt. No. 67) ¶ 11, Ex. 2.  (Partner billings, in contrast, amounted to 288.5 hours, representing approximately 33% of the total hours spent by CGR on these matters.  *Id.*)

Some of this time was spent researching, briefing, and arguing the motion for judgment on the pleadings and dismissing Defendant's meritless counterclaims and cross-motion, which ultimately completely resolved this case in Plaintiff's favor.  *Id*. Ex. 1, pp. 3-11; *Hensley*, 461 U.S. 424 at 435 ("[w]here a plaintiff has obtained excellent results, his attorney should recover a

fully compensatory fee.")  However, approximately 60% of the work performed in this case was discovery-related.  While some of these hours were to be expected in the ordinary course of litigation, much of this time was also expended due to the unnecessarily aggressive discovery positions Defendant took, particularly in relation to Plaintiff's objections to its document requests, requiring Plaintiff to meet-and-confer multiple times and, eventually, litigate numerous discovery disputes.  Reisbaum Affirmation in Support of Fees Motion (Dkt. No. 67) ¶¶ 13-16; *see also* Memorandum of Law in Support of Fees Motion (Dkt. No. 66) at 9-11.  Defendants eventually brought three discovery motions to the Court.  *See* Dkt. Nos. 41, 52, 57.  The only discovery motion that was resolved on the merits concerned 11 categories of document requests, of which the Court sided with the *Plaintiff* on five requests, Defendant on four, and split on two. Dkt. No. 48 (Transcript of Proceedings).  In short, Plaintiff's fee award simply should not be cut because of the hours it was required to expend due to Defendant's aggressive conduct during this litigation.

Finally, Defendant attempts to compare the fees billed by his prior counsel, Smith, Gambrell & Russell LLP, to Plaintiff's counsel.  This comparison fails for two reasons.  First, Defendant has provided no proof of those invoices by which to make comparison.  Roache Letter at 1.  Therefore, the Court is unable to determine if it is accurate that Defendant's bills were lower, and if they were, whether it is because his counsel bills at a lower rate than CGR, because SGR offered a discount on its regular fees, or because Defendant incurred fewer costs than Plaintiff, for example, for the storage of discovery data.  Second, he claims that CGR and SGR's fees must be compared as the parties had a "similar workload."  This misunderstands the case. The parties' discovery burdens, for example, are disproportionate:  Defendant, an individual, searched only his own and his attorneys' documents for a narrow category of responsive

materials concerning the parties' Agreement, his interest and motivations to purchase the unit, and his financial ability to do so.  Plaintiff, by contrast, is a corporate entity that sponsored the construction of a luxury condominium building in Manhattan.  To respond to Defendant's broad document requests, it was therefore required to designate seven custodians and search for numerous categories of documents concerning Defendant, the Agreement, the construction of the unit, any delay in the closing of the unit, prerequisites to closing of title, documents concerning any liens with respect to the unit, when Plaintiff was "ready, willing, and able" to close on the unit, and documents concerning Defendant's counterclaim that Plaintiff made material misrepresentations of fact before the Agreement was signed.  Under these circumstances, it is hardly surprising that Plaintiff has billed more than Defendant; however, it does not make those hours billed unreasonable.

The bottom line is that Defendant chose this fight, and he fought it tooth and nail.  He alone is responsible for the consequences of those decisions.  *Therapy Prod., Inc. v. Bissoon*, No. 07 Civ. 8696 DLC THK, 2010 WL 2404317, at *6 (S.D.N.Y. Mar. 31, 2010) (finding that hours expended were reasonable and noting that prevailing party would have been saved the cost and burden of disproving a factual assertion and theory of liability if losing party had been forthcoming in conceding facts that were later resolved on summary judgment); *report and recommendation adopted sub nom. Erchonia Corp. v. Bissoon*, No. 07 Civ. 8696 (DLC), 2010 WL 2541235 (S.D.N.Y. June 15, 2010).

### III.   Defendant States No Basis For A Stay of This Briefing

Defendant asks this court to stay briefing on this motion pending appeal in the Second Circuit.  Roache Letter at 2.  To the extent the Court will treat this as a cross-motion, Plaintiff opposes such request.  Defendant has stated no basis to stay these proceedings.

A district court retains jurisdiction over a plaintiff's application for attorneys' fees even after a notice of appeal has been filed. *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, 2014 WL 1404902, at *1 (W.D.N.Y. April 10, 2014); *see Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.") (citations omitted). In such circumstances, the Court has the discretion to decide the motion immediately or defer doing so until the appeal is concluded. *Gill*, 2014 WL 1404902, at *1; *see Mhany Mgmt. Inc. v. Vill. of Garden City*, 44 F. Supp. 3d 283, 285-86 (E.D.N.Y. 2014) (noting that the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees, not that it is required to do so). However, deferring resolution of a fees' motion is disfavored. As courts in this Circuit have noted, "[t]o accept [Defendant's] argument and defer a ruling on the attorneys' fees issue until resolution of the pending [appeal] would almost certainly prompt a second appellate challenge and, accordingly, would run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit was intended to avoid piecemeal appeals[.]" *Lake v. Schoharie Cty. Com'r of Soc. Servs.*, 2006 WL 1891141, at *3 fn.2 (N.D.N.Y. May 16, 2006). Therefore, "[w]hile additional motion practice to address the issue of additional attorneys' fees incurred in connection with the pending appeal and any subsequent proceedings in this court, should plaintiff's claims survive on appeal, may well be unavoidable, this possible eventuality does not provide a basis to defer ruling upon the pending fee application." *Id.*

Defendant's request for a stay should be denied.

## IV. Defendant Has Been On Notice of The Deadline to Oppose This Motion, Which Should Be Deemed Submitted

Finally, while Defendant appears to claim that he has been prejudiced because he has not received "papers relating to the legal fees 28th Highline Associates are claiming," that assertion

7

is contradicted by the Docket, and even Defendant himself.  Defendant was represented by counsel at the time (and for nearly a month after) Plaintiff's motion was filed.  *Compare* Dkt. No. 66 (Memorandum of Law in Support of Motion for Attorneys' Fees) with Dkt. No. 70 (Order of J. Daniels granting motion to withdraw).  Defendant was therefore served with this fees application on March 6, 2019.  Defendant also admits that he has been on notice about this motion and the deadline for his opposition.  Roache Letter at 1 (On April 1, 2019, Defendant's outgoing counsel explained in an email to him that "the deadline…. was 17 May").  To the extent that Defendant's former counsel remained on the docket due to a technical error by the Clerk's Office, that has not resulted in any prejudice to Defendant:  Plaintiff made no further filings and Defendant was already in possession of all the relevant documents.

While Defendant complains that it is "unacceptable" that he has heard nothing from CGR related to their fees, CGR had no obligation or reason to reach out to Defendant concerning these fees.  In any event, CGR did email Defendant on April 17 and 18, 2019, concerning a document filed in the Second Circuit, but Defendant never responded.  Affirmation of Emily Reisbaum, dated May 24, 2019 ("Reisbaum Reply Aff."), ¶ 2, Ex. 1.  Further, had Defendant had any question about the fees motion, he certainly could have reached out to CGR, but he did not.  And, when CGR *did* call Defendant on May 21 to understand whether he would be filing an opposition to the fees motion, he suggested that he thought it was improper for CGR to speak with him directly without a court representative on the phone, and ended the call.  *Id*. ¶¶ 3-4, Ex. 2.

Defendant was  served with Plaintiff's motion; he was aware of the deadline, which gave him an additional 45-days (in total, 75) to respond, and he submitted an opposition.  He is therefore not entitled to more time (an additional 60 days) to oppose this motion further, and the

Court should deem this motion submitted.  Roache Letter at 2.  However, to the extent the Court is inclined to grant an extension and further opposition, Plaintiff would ask that it grant Defendant not more than one week from such determination; and give Plaintiff an opportunity to reply.

<strong><u>CONCLUSION</u></strong>

For the reasons stated herein, the Court should award Plaintiff its attorneys' fees, costs, and expenses, and deny Defendant's request for a stay of these proceedings pending appeal in the Second Circuit.  In the event that the Court is inclined to grant Defendant's request for more time to oppose this motion, Plaintiff respectfully request: (1) that it grant Defendant one week from such determination; and (2) give Plaintiff an opportunity to reply.

Dated:  May 24, 2019                                    CLARICK GUERON REISBAUM LLP

                                                        By:      /s/Emily Reisbaum                    
                                                                Emily Reisbaum
                                                                Nicole Gueron
                                                                Ashleigh Hunt
                                                                220 Fifth Avenue, 14th Floor
                                                                New York, N.Y. 10001
                                                                Telephone:  212.633.4310
                                                                Facsimile:  646.478.9484
                                                                Email:  ereisbaum@cgr-law.com

                                                                *Attorneys for Plaintiff 28th Highline*
                                                                *Associates, L.L.C*